UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    JAMES C. ACKERMAN
    DAWN J. ACKERMAN,                       07-01896 B

                 Debtors                <u>DECISION & ORDER</u>
------------------------------------------------------

                          John H. Ring, III, Esq.
                          385 Cleveland Drive
                          Cheektowaga, New York 14215
                          Attorney for the Trustee

                          Elbert Hargesheimer, III, Esq.
                          22 Buffalo Street
                          Hamburg, New York 14075
                          Attorney for the Debtors

Bucki, U.S.B.J.

    The trustee brings this motion pursuant to 11 U.S.C. § 521(i)(4), to request that the court defer the automatic dismissal that would otherwise occur when a debtor fails to file payment advices or other evidence of wages received during the sixty days prior to a bankruptcy filing. For the reasons stated hereafter, I will grant the requested relief, but under the authority of 11 U.S.C. § 521(a)(1)(B).

    Section 521 of the Bankruptcy Code establishes various duties of a debtor. In particular, subdivision (a)(1)(B)(iv) of this section states that "unless the court orders otherwise," the debtor shall file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Subject to two limited exceptions, subdivision (i)(1) of section 521 provides further that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45

07-01896B                                                                                                              2

days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

James and Dawn Ackerman filed a joint petition for relief under chapter 7 of the Bankruptcy Code on May 10, 2007. In schedules filed with their petition, the Ackermans claimed an exemption in three policies of life insurance. Under New York law, however, an exemption is allowed only for polices where the owners have made an appropriate pre-petition designation of beneficiary. *See In re Trautman*, 296 B.R. 651 (Bankr. W.D.N.Y. 2003), *Wornick v. Gaffney*, 2006 WL 3392156 (W.D.N.Y. 2006). Based on his examination at the first meeting of creditors on June 19, the trustee determined that the debtors had neglected to restructure their policies in a way that would allow them to qualify for exempt status. Accordingly, on June 22, the trustee moved to disallow the claim of exemption and to compel the debtors to turnover the cash value of the policies. Meanwhile, the debtors had also failed to file the payment advices or substitute evidence as mandated under 11 U.S.C. § 521(a)(1)(B)(iv). Concerned that an automatic dismissal of the case would preclude the administration of non-exempt assets, the case trustee made the present motion, on notice to the debtors, for an order declining to dismiss the case. Notably, this last motion was also filed on June 22, 2007, a date less than 45 days after commencement of bankruptcy proceedings.

Neither the debtors nor their counsel appeared at the hearing on the trustee's motions on July 2, 2007. After considering the argument of the trustee, I granted both the motion to disallow the exemption and the motion to compel a turnover of the cash value of the insurance policies. With respect to the motion to preclude an automatic dismissal of the case, however, I reserved the opportunity to state my reasoning in the present decision.

07-01896B                                                                                                  3

In seeking to preclude the automatic dismissal of this case, the trustee urges reliance on the exception set forth in the following text of 11 U.S.C. § 521(i)(4):

> Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1) . . . and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

This section allows the court to avoid dismissal upon the occurrence of two findings: that the debtor attempted in good faith to file the required information, and that administration of the case would serve the best interests of creditors. Although the trustee has adequately demonstrated that creditors would benefit from case administration, he has presented no proof of any good faith efforts to file payment advices. Hence, the exception of section 521(i)(4) has no application in the present instance.

Notwithstanding the inapplicability of section 521(i)(4), I will grant the trustee's motion for a different reason. Section 521(a)(1)(B) states that the debtor must file copies of payment advices or other evidence of payment, "unless the court orders otherwise." To the extent that the court orders otherwise, the filing of this information is not required under subdivision (a)(1), and therefore cannot implicate the automatic dismissal provisions of subdivision (i)(1). In my view, the trustee's motion is properly viewed as a motion to otherwise modify the duty to file information. Good cause exists to modify this duty, in that such change is necessary to assure the administration of assets for the benefit of creditors. Notably, the trustee filed his motion prior to the effective date of dismissal under section 521(i)(1). Thus, the waiver of the requirement for filing of payment advices will be deemed effective as of the

filing of the trustee's motion, prior to what would have been the automatic dismissal of the bankruptcy case.

Even though I will modify the duty to file information as required under section 521(a)(1), the trustee may still demand such documentation as he may reasonably need to complete his administration. Section 343 of the Bankruptcy Code commands that the debtor "shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." As part of that examination, the case trustee in the instant matter may request submission of relevant payment advices. By waiving this submission for purposes of section 521(a)(1), I fashion an outcome that allows the trustee to collect the same information, but without the austere consequences of an automatic dismissal of the case.

For the reasons stated herein, the motion of the trustee is deemed a request to modify the duty to file payment advices pursuant to 11 U.S.C. § 521(a)(1). Without prejudice to a demand for submission of the same information, the motion is granted to the effect that the failure to file these payment advices will not result in a dismissal of this case.

Dated: Buffalo, New York /s/ CARL L. BUCKI
August 23, 2007 U.S.B.J.